United States District Court
For THE DISTRICT OF COLUMBIA

Jacqueline M. Skedy
1021 Cape May Avenue
Cape May, NJ 08204

vs.

United States Patent &
   Trademark Office
Dulany Street
Alexandria, Virginia

**FILED**

JUL - 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER   1:05CV01356
JUDGE: Richard J. Leon
DECK TYPE: Personal Injury/Malpractice
DATE STAMP: 07/07/2005

cover sheet

## COMPLAINT

The Plaintiff, Jacqueline M. Steady, Esquire, pro se, for the cause of action against the defendant states:

### I.   SUMMARY OF COMPLAINT

The plaintiff is an inventor, patent attorney and attorney. The USPTO has engaged herein in, at least, five counts of continuous and statutorily uninterrupted defamation of character, inclusive of slander, against Plaintiff's work product and/or work ethic. The counts of the complaint are herein defamation, defamation, defamation, defamation and defamation, all counts being inclusive of slander.

### II.   PARTIES

1.) Plaintiff, Jacqueline M. Steady, Esquire, is a resident of New Jersey and resides in Cape May, New Jersey.

2.) Defendant, the United States Patent and Trademark Office maintains its principal place of business in Alexandria, Virginia. The USPTO, under title 35 of the United States Constitution grants patents. In addition, the Office of Enrollment and Discipline of the USPTO maintains the patent agent registration roster and the patent attorney registration roster. Further, at all relevant time throughout, the USPTO has maintained the same.

### III.   JURISDICTION

3.) The USPTO is tied to D.C.

## IV. FACTS UNDERLYING PLAINTIFF'S COMPLAINT

4.) Upon information and belief, on or about May 1995, the USPTO issued a defamatory statement regarding Plaintiff's work product and/or work ethic to a D.C. office of the law firm Morgan and Finnegan and has therein continuously and statutorily uninterruptedly therethrough engaged in damage of all relevant relationships therein.

5.) Upon information and belief, on or about the period of at least 1996-1997, the USPTO engaged in the act of defamitorily controlling work flow controlled by a law firm plaintiff was therein employed by during that period, thereby resulting in a statement regarding Plaintiff being laid off to be issued upon relevant interview and/or relevant conversation with Plaintiff and wherein said statement impacted all relevant conversation and/or relationship thereof, said statement(s) even being spoken by Plaintiff.

6.) Upon information and belief, on or about the period of mid 1999, management from the USPTO, upon request for a recommendation by Plaintiff, defamitorily negated the duty of professionalism of management providing a reference inclusive of the comment herein defamatorily stated that, her son when younger, spelled "empire'" as "entire" when making a comment regarding Plaintiff's then present work office located in the Empire State Building in New York, New York, and thus defamitorily negated the duty of professionalism of management providing a reference thereby denying further recommendation from higher management because of the defamatory negation of the same in breach of the relevant relationship therein.

7.) Upon information and belief, on or about the period of at least 2002, the USPTO engaged in the act of defamitorily controlling work flow controlled by a law firm plaintiff was therein employed by during that period, thereby causing a statement regarding Plaintiff being laid off to be issued upon relevant interview and/or relevant conversation with Plaintiff and wherein said statement impacted all relevant conversation and/or relationship

thereof, said statement(s) even being spoken by Plaintiff.

8.) Upon information and belief, on or about the period of 2004 - 2005, the USPTO defamitorily controlled work flow of at least one patent application prepared by Plaintiff and falsely indicated non-allowability of the same through sloppy examining, thereby requiring defamatory statements regarding both work and work product of Plaintiff to be issued about the same and has breached any and all concerned professional relationships therein.

## V. DAMAGES

9.) Plaintiff's injury has been defamation and slander of work, work product and work ethic. Further, incidental and consequential conversation is resultantly defamatory in all relevant relations therein.

## VI. CAUSE

10.) In both punitive and remedial damages, the USPTO caused the damages by failure to be truthful, nod-defamatory, act, notify, warn and investigate all relevant concerns responsive to their own defamatory conduct, thus preventing Plaintiff from having the knowing, truthful advantage of her career and the ability to knowingly and truthfully manage her career. Further, the USPTO's failure to act and act consistently with their basis denied Plaintiff the ability to pursue a more lucrative career and all relevant relations therein.

VII.   RELIEF REQUESTED

   7.)   Remedial request of two million dollars for lost wages and five million dollars for punitive damages for failing to allow Plaintiff to have actual control of her career and all relevant relations concerned therein.

VIII.   JURY DEMAND

   8.)   Plaintiff herein reserves the right to request a jury trial.

IX.   TRIAL BIFURCATION

   9.)   Plaintiff herein reserves the option of request for bifurcation of trial concerning defamation and damages.

Respectfully Submitted,

*Jacqueline M. Steady, Esquire*

Jacqueline M. Steady, Esquire
Pro Se
Appearing in Persona
1021 Cape May Avenue
Cape May, New Jersey 08204
(201) 401-7980