UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE M. STEADY, Esquire | ) | |
| 1021 Cape May Avenue | ) | |
| Cape May, NJ 08294 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1356 (RJL) |
| | ) | **ECF** |
| UNITED STATES PATENT | ) | |
| AND TRADEMARKS OFFICE | ) | |
| Dulany Street | ) | |
| Alexandria, VA | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER

Defendant United States Patent and Trademark Office, by and through undersigned counsel, respectfully moves this Court pursuant to Rules 12(b)(1), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing Plaintiff's claims in this case on the grounds that the Court lacks jurisdiction over Petitioner's claims, venue is improper, and Petitioner fails to state a claim upon which relief can be granted. In the alternative, Defendant respectfully moves the Court to transfer this matter to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1406. In support of this motion, Defendant respectfully refers the Court to the accompanying Memorandum of Points and Authorities. A proposed order is also attached.

Dated: October 14, 2005     Respectfully submitted,

_/s/_ _____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE M. STEADY, Esquire | ) |
| 1021 Cape May Avenue | ) |
| Cape May, NJ 08294 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-1356 (RJL) |
| | ) **ECF** |
| UNITED STATES PATENT | ) |
| AND TRADEMARKS OFFICE | ) |
| Dulany Street | ) |
| Alexandria, VA | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, TO TRANSFER**

Defendant United States Patent and Trademark Office, by and through undersigned

counsel, respectfully moves this Court for dismissal of this matter pursuant to Fed. R. Civ. P.

12(b)(1), 12(b)(3), and 12(b)(6).[1]  In the alternative, Defendant respectfully moves the Court to

transfer this matter to the United States District Court for the Eastern District of Virginia

pursuant to 28 U.S.C. § 1406.

---

[1] Defendant also notes that Plaintiff has failed to allege facts upon which to base the
Court's exercise of personal jurisdiction. See Jacobsen v. Oliver, 201 F. Supp.2d 93, 104
(D.D.C. 2002); Dooley v. United Techs. Corp., 786 F. Supp. 65, 70 (D.D.C. 1992); Lott v.
Burning Tree Club, Inc., 516 F. Supp. 913, 918 (D.D.C.1980). In order to meet her burden,
Plaintiff must allege specific facts on which personal jurisdiction can be based and cannot rely on
conclusory allegations.  See Gowens v. Dyncorp, 132 F. Supp.2d 38, 41 (D.D.C. 2001); GTE
New Media Services, Inc. v. Ameritech Corp., 21 F. Supp.2d 27, 36 (D.D.C.1998), remanded on
other grounds sub nom, GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343 (D.C.
Cir. 2000); COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 520 (D.D.C. 1995).
Plaintiff neither alleges nor demonstrates that any business was transacted in the District of
Columbia and she does not allege that she has suffered an injury within the District of Columbia.
Nor does she claim that Defendant committed any act or omission in D.C.

Plaintiff Jacqueline Steady, pro se, brings the above-captioned action against Defendant United States Patent and Trademark Office, seeking damages in a tort suit for defamation. See generally Compl. Plaintiff claims that Defendant "engaged herein in, at least, five counts of continuous and statutorily uninterrupted defamation of character, inclusive of slander, against Plaintiff's work product and/or work ethic. The counts of the complaint are herein defamation, defamation, defamation, defamation, and defamation, all counts being inclusive of slander." Compl. at 1. Plaintiff seeks $2 million in damages for lost wages and $5 million in punitive damages. See Compl. at 4. For the reasons set forth below, this action should be dismissed for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff Jacqueline Steady, pro se, resides in Cape May, New Jersey. According to Plaintiff's complaint, during the time period of May 1995 until 2005, Defendant defamed Plaintiff on several occasions by criticizing Plaintiff's work product and work ethic.[2] Compl. at ¶¶ 4-8. Plaintiff's complaint states that Defendant "engaged in the act of defamatorily controlling work flow controlled by a law firm plaintiff was therein employed by during that period, thereby resulting in a statement regarding Plaintiff being laid off to be issued upon relevant interview and/or relevant conversation . . ." Compl. at ¶ 5. Additionally, Plaintiff claims that Defendant falsely denied a patent application prepared by Plaintiff, which resulted in "defamatory statements regarding both work and work product of Plaintiff to be issued about the

---

[2] Plaintiff has not identified any specific Agency employee or office that committed any alleged harm. See generally Compl.

same". Compl. at ¶ 8.

**STANDARD OF REVIEW**

Defendant moves for dismissal under Rule 12(b)(1) as the Court lacks jurisdiction over

Plaintiff's claims, 12(b)(3) as venue is improper, and Rule 12(b)(6) as Petitioner fails to state any

claim upon which relief can be granted.

"In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal

Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual

allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v.

Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not

required, however, to accept inferences unsupported by the facts alleged or legal conclusions that

are cast as factual allegations." Rann v. Chao, 154 F. Supp.2d 61, 64 (D.D.C. 2001), aff'd 346

F.3d 192 (D.C. Cir. 2003), cert denied, 125 S.Ct. 35 (2004). In addition, "[on] a motion to

dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish

subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp.2d at

81.

A motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond

doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to

relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc.,

216 F.3d 1111, 1117 (D.C. Cir. 2000). Although the plaintiff is given the benefit of all

inferences that reasonably can be derived from the facts alleged in the complaint, the court need

not accept inferences that are not supported by such facts, nor must the court accept plaintiff's

legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp.,

3

16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

**I.      The Court Lacks Jurisdiction Over Plaintiff's Claims.**

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); O'Melveny & Myers v. FDIC, 512 U.S. 79, 90 (1994) (Stevens, concurring).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen, 511 U.S. at 377 (citations omitted).  Thus, the first and fundamental question presented by every case brought to the federal courts is whether the Court has jurisdiction to hear it.  See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).

**A.      Plaintiff Has Failed To Identify Any Waiver Of Sovereign Immunity.**

A party seeking to sue the United States bears the burden of demonstrating that a specific statutory provision waives the government's sovereign immunity from suit.  See United States v. Sherwood, 312 U.S. 584, 586 (1941).  Unless Congress has consented to a cause of action against the United States, there is no jurisdiction in any court to entertain such suit.  Id. at 587- 88.  This principle extends to agencies as well, which are immune from suit absent a showing of a waiver of sovereign immunity.  See United States v. Nordic Village, 503 U.S. 30 (1992); United States v. Testan, 424 U.S. 392 (1976).

Only Congress can waive the United States' sovereign immunity, and it must do so "unequivocally . . . in statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996).  "A statute's legislative history cannot supply a waiver that does not appear clearly in any statutory text."

4

Lane, 518 U.S. at 192.  Furthermore, waivers of sovereign immunity are "construed strictly in favor of the sovereign."  United States Dep't of Energy v. Ohio, 503 U.S. 607, 614 (1992) (addressing waivers of sovereign immunity in federal environmental statutes).  Therefore, no consent to suit exists where the language of a statute is ambiguous.  See Library of Congress v. Shaw, 478 U.S. 310, 318 (1986).

In this case, no statutory provision waives the government's immunity from common law defamation suits.  Under federal law, the federal government is immune from liability for defamation.  See 28 U.S.C. § 2680(h); see also Wilcox v. United States, 509 F.Supp. 381, 387 (D.D.C. 1981).  Plaintiff's complaint cites no authority as a basis for jurisdiction over her defamation and slander claims.  Rather, Plaintiff's complaint contains one paragraph entitled jurisdiction, which states only that "[t]he USPTO is tied to D.C."  Compl. at ¶ 3.  Therefore, because Plaintiff's complaint does not contain any colorable basis for a waiver of sovereign immunity, Plaintiff's claims must be dismissed.

**B.    To the Extent that Plaintiff's Complaint Could Be Construed As Alleging Claims Under the FTCA, Plaintiff Has Failed to Demonstrate That the Court Maintains Jurisdiction Over Any Such Claim.**

Although Plaintiff does not specifically allege any claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, the FTCA provides the only possible colorable basis for a waiver of sovereign immunity in this case.  The FTCA creates an express limited waiver of the United States' sovereign immunity for certain tort claims "'in the same manner and to the same extent as a private individual under like circumstances.'"  Macharia v. United States, 238 F.Supp. 2d 13, 20 (D.D.C. 2002)(quoting 28 U.S.C. § 2674(a)), aff'd, 334 F.3d 61 (D.C. Cir. 2003).

5

Assuming that Plaintiff is asserting a claim under the FTCA on the grounds that Defendant committed some form of alleged tortious conduct against Plaintiff, such allegations still fail to state a claim under the FTCA for which relief is available. The FTCA is a limited waiver of sovereign immunity, permitting damage actions against the United States for injury, loss of property or death caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1). The Act provides that the United States shall be liable to the same extent as a private individual under like circumstances in accordance with the law of the place where the negligent or wrongful conduct occurred. See id. There is an administrative prerequisite to suit under the FTCA. A tort claim against the United States must be presented in writing to the appropriate agency within two years of the claim's accrual. See 28 U.S.C. §§ 2401(b). If an agency denies such claim or fails to make a final determination on the claim within six months of filing, the claimant has six months' time to bring suit in the appropriate U.S. District Court. See 28 U.S.C. §§ 2401(b), 2675(a). Plaintiff has failed to comply with any of these requirements for suit under the FTCA. Plaintiff's complaint does not reference the prior filing of any administrative claim and Plaintiff has not named the United States as a defendant. Accordingly, to the extent that any of Plaintiff's claims could be construed as alleging claims under the FTCA, Plaintiff's claims nonetheless must be dismissed.

### C.    Plaintiff's Claims Do Not Present A Federal Question Suitable For Decision and Should Be Dismissed Under Rule 12(b)(1).

It is settled law that "the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of

merit.'" <u>Hagans v. Lavine</u>, 415 U.S. 528, 536-37 (1974) (quoting <u>Newburyport Water Co. v. Newburyport</u>, 193 U.S. 561, 579 (1904)); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 n.6 (1989).  Plaintiff's claims against Defendant concerning alleged statements about Plaintiff's work product are precisely the type of "attenuated and unsubstantial" claims anticipated by the Supreme Court.  These patently meritless claims do not present a matter within the subject matter jurisdiction of the federal courts, and dismissal under Rule 12(b)(1) is warranted.

**II.      Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted.**

Even if this Court were to exercise jurisdiction over Plaintiff's claims, the most liberal interpretation of Plaintiff's Complaint reveals that Plaintiff fails to state a claim upon which relief can be granted.  <u>See</u> <u>generally</u> Compl.  Despite the generous reading that must be afforded to the Plaintiff's Complaint in light of her <u>pro se</u> status, Plaintiff's complaint is so bare that dismissal is warranted.  <u>See, e.g.</u>, <u>Jones v. Community Redevelopment Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984)(dismissing <u>pro se</u> plaintiff's proposed second amended complaint because its conclusory allegations were unsupported by any facts).  Plaintiff's Complaint presents no clear factual allegations as to the grounds for any claim against Defendant.  Plaintiff makes no attempt to demonstrate how Defendant committed any form of actionable tortious conduct.  Accordingly, Plaintiff's lawsuit should be dismissed.

**III.     Venue is Improper in this Court.**

Plaintiff's claims also should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure because venue is not proper.  Pursuant to the venue provisions of 28 U.S.C. § 1391(b), Petitioner's cause of action may be brought only in a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or

7

omissions giving rise to the claim occurred; or (3) any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). First, Congress has provided that the "United States Patent and Trademark Office shall be deemed, for purposes of venue in civil actions, to be a resident of the district in which its principal office is located, except where jurisdiction is otherwise provided by law." 35 U.S.C. § 1. Defendant's principal office is located in Virginia, not the District of Columbia. Second, Plaintiff does not reside in the District of Columbia, and none of the events or omissions occurred in the District of Columbia. Third, there is another district where the action might otherwise be brought. All of the events surrounding Plaintiff's claims appear to have occurred in Virginia, New York, or New Jersey. Therefore, because venue is not proper, this Court should dismiss Plaintiff's claims pursuant to Rule 12(b)(3).

**IV.    In the Alternative, The Court May Transfer the Case to Virginia.**

As an alternative to dismissal, it would be within the Court's power to transfer this case to the appropriate district court in Virginia pursuant to 28 U.S.C. § 1406. Section 406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Furthermore, under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); see also James v. Booz-Allen & Hamilton, Inc., 227 F. Supp.2d 12, 24 (D.D.C. 2002). To transfer an action, venue must be proper in the transferee district.

In considering whether transfer is proper, the court considers several factors, such as:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of
> access to sources of proof; availability of compulsory processes to compel
> the attendance of unwilling witnesses; the amount of expense for the
> willing witnesses; the relative congestion of the calendars of potential
> transferor and transferee courts; and other practical aspects of
> expeditiously and conveniently conducting a trial.

SEC v. Page Airways, 464 F. Supp. 461, 463 (D.D.C. 1978).  District courts have a "local

interest in deciding local controversies at home."  Trout Unlimited v. United States Dep't of

Agriculture, 944 F. Supp. 13, 16 (D.D.C. 1996).  Even though a court should typically give

deference to a plaintiff's choice of forum, it need give substantially less deference when the

forum preferred by the plaintiff is not his home forum.  See Piper Aircraft v. Reyno, 454 U.S.

235, 255-56 (1981).  In this case, Plaintiff resides in Cape May, New Jersey.  Compl. ¶ 1.

Plaintiff's complaint acknowledges that Defendant maintains its principal place of business in

Alexandria, Virginia.  Compl. ¶ 2.  Thus, for the convenience of parties and witnesses in this

case, and in the interest of justice, this Court should transfer any remaining portion of Plaintiff's

complaint that survives Defendant's Motion To Dismiss to the appropriate United States District

Court.

## CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed and judgment

entered in favor of Defendant.

9

Dated: October 14, 2005                    Respectfully submitted,


                                           _/s/_____
                                           KENNETH L. WAINSTEIN, D.C. Bar # 451058
                                           United States Attorney


                                           _/s/_____
                                           R. CRAIG LAWRENCE, D.C. Bar # 171538
                                           Assistant United States Attorney


                                           _/s/_____
                                           MEGAN L. ROSE, NC Bar # 28639
                                           Assistant United States Attorney
                                           Judiciary Center Building
                                           555 4th St., N.W.
                                           Washington, D.C.  20530
                                           (202) 514-7220

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion To Dismiss, Or In The Alternative, To Transfer**

was served upon plaintiff pursuant to the U.S. mail, addressed to:

**Jacquelin M. Steady, Esquire**
**1021 Cape May Avenue**
**Cape May, NJ 08204**

on this  _14th_  day of October, 2005.


_/s/_____
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530

11