UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 24 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JACQUELINE M. STEADY,                )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   Civ. Action No. 05-01356 (RJL)
                                     )
                                     )
UNITED STATES PATENT AND             )
TRADEMARKS OFFICE                    )
                                     )
        Defendant.                   )

# 1st MEMORANDUM OPINION
(July 21, 2006) [#9 ]

Plaintiff, Jacqueline M. Steady, brought this suit against defendant, the United States Patent and Trademarks Office, seeking damages for defamation of character and slander. (*See* Compl. at Headings I, V-9.) Currently before the Court is defendant's Motion to Dismiss, or in the Alternative, to Transfer. For the following reasons, the Court GRANTS defendant's Motion to Dismiss.

Local Rule of Civil Procedure 7(b) provides that an opposing party has 11 days to file a memorandum in opposition to a motion and if such party fails to do so, the court may treat the motion as conceded. LCvR. 7(b). This rule is a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues." *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004). In *Fox*, the D.C. Circuit affirmed the District Court's holding that "because the plaintiffs failed to respond to the defendant's . . . motion, the court treats the motion as conceded and grants the motion." *Id.*

(citations omitted). Whether to treat the motion as conceded under Local Rule of Civil Procedure 7(b) is highly discretionary, and our Circuit Court noted that "where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit will] honor its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997).

In light of the fact that plaintiff failed to file an opposition to defendant's Motion to Dismiss or in the Alternative, to Transfer, even when this Court issued an Order requiring the plaintiff to do so or face the consequences of it being treated as conceded (*see* Dkt. 8), the Court will treat defendant's motion as conceded. LCvR 7(b). Therefore, in light of the plaintiff's concession, and based on a review of the pleadings, the relevant law cited therein, and the record,[1] the Court finds in favor of the defendant and GRANTS [#5] defendant's Motion to Dismiss.[2] An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[1] Plaintiff filed her Complaint on July 7, 2005. Her last contact with the Court was on September 29, 2005, with the filing of a motion *in limine* that was later denied as moot on December 9, 2005.

[2] Defendant's alternative motion to transfer is thus moot.